

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

**FILED**

JAN 2 3 2025

U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | CAUSE NO.   1:25-cr-00013-TWP-MKK |
| | ) | |
| LARRY WILLIAMS, JR. | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## INDICTMENT

The Grand Jury charges that:

### COUNT 1
*Unlawful Possession of a Firearm by a Felon*
*18 U.S.C. § 922(g)(1)*

On or about January 3, 2025, in Marion County, within the Southern District of Indiana,

LARRY WILLIAMS, JR., the defendant herein, knowing that he had previously been convicted

of a crime punishable by imprisonment for a term exceeding one year, to wit:

    a. Dealing in Cocaine or a Narcotic Drug in Marion County, Indiana on or about June 30,

       1998; and/or

    b. Unlawful Possession of a Firearm by a Serious Violent Felon in Marion County, Indiana

       on or about August 3, 2004; and/or

    c. Dealing in Cocaine or a Narcotic Drug in Marion County, Indiana on or about October 6,

       2009; and/or

    d. Unlawful Possession of a Firearm or Ammunition by a Felon in the District of Utah on or

       about May 3, 2022;

did knowingly possess a firearm, to wit: a Taurus handgun, said firearm having been shipped and transported in interstate commerce.

In violation of Title 18, United States Code, Section 922(g)(1).

## FORFEITURE ALLEGATION

1.      The allegation contained in Count 1 of this Indictment is hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c).

2.      Upon conviction of the offense in violation of Title 18, United States Code, Section 922, the defendant, LARRY WILLIAMS, JR., shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in the commission of the offense, including, but not limited to:

      a.      Taurus handgun; and

      b.      All ammunitions seized.

3.      If any of the property described above, as a result of any act or omission of the defendant:

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third party;

      c.      has been placed beyond the jurisdiction of the court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title

21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section

2461(c).

All pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

A TRUE BILL:



JOHN E. CHILDRESS
Acting United States Attorney

By: _____
Nate Walter
Special Assistant United States Attorney
MPB